UNITED STATES DISTRICT AND BANKRUPTCY COURTS

FOR THE DISTRICT OF COLUMBIA

CIVIL DIVISION

**FILED**
APR 13 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

------------------------------------------------------------X
ANTHONY MAZZA
5519 30th Place, NW
Washington, DC 20015
202-249-1200,
            PLAINTIFF;

            V.

VERIZON WASHINGTON DC, Inc.
c/o CT Corporations Systems
1015 15th Street NW
Washington, DC 2000

VERIZON COMMUNICATIONS
140 West Street
New York, NY 10007;

VERIZON WIRELESS
c/o CT Corporations Systems
1015 15th Street NW
Washington, DC 20005

AFNI, INC.
404 Brock drive
P.O. Box 3427
Bloomington, IL 61702
c/o CT Corporations Systems
1015 15th Street NW
Washington, DC 20005;
            DEFENDANTS.
------------------------------------------------------------X

Case: 1:11-cv-00719
Assigned To : Sullivan, Emmet G.
Assign. Date : 4/13/2011
Description: Pro Se Gen. Civil

JURY ACTION

COMPLAINT

Plaintiff, Anthony Mazza, does hereby state and affirm, under penalty of perjury that:

1

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over all parties, as the matter relates to the provision of telecommunications services; the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681; and, the Fair Debt Collections Practices Act 15 U.S.C. Sec. 1692, as amended by Pub. L. 109-351 Sections 801-819; and, under 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

2. This Court has personal jurisdiction over all parties to this matter, as the Plaintiff is a resident of Washington, DC and the Defendants are all corporations conducting business within the District of Columbia or have significant commercial ties to Washington, DC. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945); *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102 (1986).

## PARTIES

3. Plaintiff is a resident of Washington, DC and is a former customer of the Defendants.

4. Defendant Verizon Washington, DC Inc. is located within the District of Columbia and is in the business of providing telecommunications services within the District of Columbia.

5. Defendant Verizon Wireless headquartered in New Jersey and is in the business of providing telecommunications services nationally.

6. Verizon Communications is a Delaware company headquartered in New York. It is the holding company of Verizon Washington DC, Inc., and upon information and belief, is affiliated with Verizon Wireless.

7. Upon information and belief, Defendant Verizon Communications is responsible for

establishing revenue targets, operational goals and guidelines, customer acquisition and support strategies for Defendant Verizon Washington, DC Inc.

8. Upon information and belief, Defendant Verizon Communications is responsible for the infrastructure and client databases for Defendants Verizon Washington, DC.

9. Upon information and belief, Defendant Verizon Communications is responsible for establishing revenue targets, operational goals and guidelines, customer acquisition and support strategies for Defendant Verizon Wireless.

10. Upon information and belief, Defendant Verizon Communications is responsible for the infrastructure and client databases for Defendants Verizon Wireless.

11. Upon information and belief, Defendant AFNI, Inc. is the agent of Defendants Verizon Wireless and Verizon Washington, DC Inc., charged with the collection of payments or the prosecution of payment claims.

12. Upon information and belief, Defendant Verizon Washington, DC Inc. and Defendant Verizon Wireless cooperate to provide bundled services (an aggregate package of land line, cellular phone and internet access services).

## STATEMENT OF FACTS

13. The instant matter arose from a consumer contract with Defendants Verizon Washington, DC Inc. and Verizon Wireless, wherein the Defendants supplied Plaintiff with home telephone, cellular phone and residential internet services.

14. On or about April 25, 2007, Plaintiff terminated the "bundled services" plan with Defendants Verizon Communications and Verizon Wireless,

15. The subject contract had exceeded the original term provisions, so the cancellation did not involve penalties or cancellation fees.

16. Billing notices for the bundled services could be accessed on-line, via USPS mail or via a cellular telephone feature.

17. Pursuant to the cellular feature, on or about April 25, 2007, Plaintiff was appraised that the outstanding bill due and owing Defendant Wireless was $1,006.57.

18. On or about May 1, 2007, Plaintiff caused payment to Defendant Verizon Wireless in the amount of $1,006.57 via personal check.

19. Defendant Verizon Wireless cashed said personal check on May 8, 2007 (Exhibit A).

20. On or about May 8, 2007, Plaintiff received a bill from Defendant Verizon Washington, DC Inc. in the amount of $1138.45.

21. Believing the difference between the bill and remittance ($131.88) was the result of excessive charges for usage over the last few days of April 2007, Plaintiff contacted the Customer Services Department of Verizon Washington, DC Inc..

22. In fact, the $131.88 amount was for a prior period bill (March, 2005), which was paid in April 2005, but according to the Representative, "had not yet been processed by the Cancellation Team", and which was "a common problem".

23. On or about July through September 2007, Plaintiff responded to several Defendant Verizon Washington DC, Inc. inquiries- verbally and in writing- regarding "a past due amount owed to them".

24. On or about June 2008 through June 2009, Plaintiff responded to several Defendant AFNI, Inc. requests for payments- verbally and in writing- due their client, Verizon Washington, DC Inc. for $1,138.45 representing "a past due amount owed to them".

25. On or about June 2010, Plaintiff received from Defendant AFNI, Inc. a "Settlement Offer" dated November 2009, wherein Defendant AFNI would accept payment of

"$569.23, half the current amount due." (Exhibit B).

26. Said Settlement Offer also claimed "Once paid, our records will reflect the status of your account with AFNI, Inc. as settled in full."

27. Plaintiff called AFNI, Inc. to ascertain what was meant by "your account with AFNI" and was appraised that a collection notice was reported to the Consumer Credit Bureaus.

28. Plaintiff made multiple inquiries of Defendants Verizon Communications, Verizon Washington, DC Inc., Verizon Wireless, and AFIN, Inc.- both verbally and in writing, denying owing monies, requesting inquiry into the amounts remitted and cashed by Defendant Verizon Wireless, and demanding the reversal of negative credit reporting.

29. Defendant Verizon Wireless would only confirm receipt of payment, but insisted that credit dispute resolution was within the province of Verizon Communications.

30. Defendant Verizon Washington, DC Inc. disputed receipt of payment and continually referred Plaintiff to Defendant AFNI, Inc.

31. Defendant AFNI, Inc. pledge on several occasions to "investigate", but continue to make demands for payment.

32. Defendant Verizon Communications continually denied culpability, but referred Plaintiff to Customer Service Representatives of the other Defendants.

33. On or about July 2010, Plaintiff caused a telephone communication with Defendant Verizon Communications. On that call, and several directed connections later, Plaintiff was informed that the issue was caused by payment made to Verizon Wireless, and not Verizon Washington, DC Inc. Defendant Verizon Communications

pledged to address the matter promptly.

34. After one month, on or about August 2010, Plaintiff contacted Defendant Verizon Wireless to inform them that they had "effectively converted" the Plaintiff's payment; Defendant Verizon Wireless pledged that they would resolve the matter.

35. To date, there has been no resolution and the Plaintiff has suffered economic harm due to the conversion of his payment and the severity of the negative consumer credit reporting.

36. The Plaintiff initiated a Small Claims action in the District of Columbia Small Claims Division in December 2010: Case Number 2010 SC (3) 7901.

37. That action was dismissed on the grounds of lack of subject matter jurisdiction, wherein that Court referred Plaintiff to this Court.

## COUNT I- INTENTIONAL TORT

38. Plaintiff incorporates by reference into this Count all of the allegations appearing in paragraphs 1-37 appearing in this Complaint.

39. Even after receiving numerous inquiries and requests of the Plaintiff, the Defendants have initiated no good faith actions to remediate the impacts upon Plaintiff of the negative credit reporting caused by their actions.

40. Even after notice of the action in the DC Small Claims Court, supported by incontrovertible evidence of payment, the Defendants have taken no good faith actions to remediate the impacts upon Plaintiff of the negative credit reporting caused by their actions.

41. The acts and omissions by the Defendants have proximately damaged the Plaintiff causing financial, emotional and psychological harm, which is continuing.

## COUNT II – ONGOING PATTERN AND PRACTICE OF BAD FAITH DEALING

42. Plaintiff incorporates by reference into this Count all of the allegations appearing in paragraphs 1-41 appearing in this Complaint.

43. Defendants Verizon Communications and Verizon Wireless have been named defendants in countless actions for their bad faith in dealings with the General Public.

44. In the past two-year period alone, Defendants Verizon Communications and Verizon Wireless have been alleged to overcharge the public, charge for non-existent services, and for violating privacy issues of their customers.

45. Defendants Verizon Communications and Verizon Wireless have established a pattern and practice of negligent and bad faith dealing with the General Public.

46. With regard to the Plaintiff, Defendants Verizon Communications and Verizon Wireless have largely ignored, dismissed or marginalized requests for intervention by the Plaintiff.

47. The issue at bar, and in many other cases in various Courts across the nation, are proximally caused, exacerbated and perpetuated by Defendant Verizon Corporation's hierarchical and intentionally complex corporate structure and alliances, all designed to maximize profits and minimize exposure to liability. This strategy encourages a corporate culture of shunting responsibility from one entity to another, compelling the General Public to engage in costly, time-consuming and resource draining remediation activities- including resorting to lawsuits.

48. In the four ~~and one half~~ years that the matter has remained unresolved, the only visible action taken by the Defendants was hiring three individual attorneys to represent them in the aforementioned Small Claims action.

49. The acts and omissions by the Defendants are part of a pattern and practice of disregard for the General Public, and have proximately damaged the Plaintiff causing financial, emotional and psychological harm, which is continuing.

## COUNT III – VIOLATION OF THE FAIR CREDIT REPORTING ACT

50. Plaintiff incorporates by reference into this Count all of the allegations appearing in paragraphs 1-49 appearing in this Complaint.

51. Defendant Verizon Washington, DC Inc. was responsible for reporting false, erroneous and negative credit information adversely affecting Plaintiff to the Consumer Credit Bureaus. (Exhibit C).

52. Defendant Verizon Washington, DC Inc. violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 with respect to Plaintiff.

53. Defendant AFNI, Inc. was responsible for reporting false, erroneous and negative credit information adversely affecting Plaintiff to the Consumer Credit Bureaus. (Exhibit C).

54. Defendant AFNI, Inc. violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 with respect to Plaintiff.

55. The credit reporting actions by Defendants Verizon Washington, DC Inc. and AFNI have proximately damaged the Plaintiff causing financial, emotional and psychological harm, which is continuing. (Exhibit D).

## COUNT IV – VIOLATION OF THE FAIR DEBT COLLECTIONS ACT

56. Plaintiff incorporates by reference into this Count all of the allegations appearing in paragraphs 1-55 appearing in this Complaint.

57. Defendant Verizon Washington DC, Inc. initiated a pattern of abusive collection

strategies as against the Plaintiff, including repeated telephone calls and written requests for payment, after the Plaintiff had affirmatively denied owing the monies claimed and furnished proof of payment.

58. The Collection Practices of Defendant Verizon Washington, DC violated the Fair Debt Collections Practices Act 15 U.S.C. Sec. 1692, as amended by Pub. L. 109-351 Sections 801-819 with respect to Plaintiff.

59. Defendant AFNI, Inc. initiated a pattern of abusive collection strategies as against the Plaintiff, including repeated telephone calls and written requests for payment, after the Plaintiff had affirmatively denied owing the monies claimed and furnished proof of payment.

60. The Collection Practices of Defendant AFNI, Inc. violated the Fair Debt Collections Practices Act 15 U.S.C. Sec. 1692, as amended by Pub. L. 109-351 Sections 801-819 with respect to Plaintiff.

PRAYER FOR RELIEF

61. Wherefore, the Plaintiff demands judgment against Defendants and respectfully requests of this Court to award damages to Plaintiff against the Defendants, jointly and severally as follows: (1) for compensatory damages in the amount of $35,000.00; (2) for punitive damages in the amount of $450,000; (3) for violations of the Fair Debt Collections Practices Act 15 U.S.C. Sec. 1692, as amended by Pub. L. 109-351 Sections 801-819 in the amount of $5,000.00 (4) for violations of the of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 in the amount of $10,000.00; (5) for both pre-judgment and post-judgment interest on each Prayer for Relief; (6) costs and fees involved in this action; and, (7) such other and further relief as this Court finds just and

equitable.

## JURY TRIAL

62.  Plaintiff respectfully requests a jury trial.

Respectfully submitted,

I declare under penalty of perjury that the foregoing is true and correct.
Executed on April __15__, 2011.

_____
*Plaintiff*

**Anthony Mazza**
**5519 30th Place, NW**
**Washington, DC 20015**
**202-249-1200**


To:
**VERIZON COMMUNICATIONS**
**140 West Street**
**New York, NY 10007**
*Defendant*

**VERIZON WIRELESS**
**c/o CT CORPORATION SYSTEMS**
**1015 15th Street NW**
**Washington, DC 20005**
*Defendant*

**AFNI, INC.**
**c/o CT CORPORATION SYSTEMS**
**1015 15th Street NW**
**Washington, DC 20005**
*Defendant*

Leftwich & Ludaway, LLC
1400 K Street, Suite 1000
Washington, DC 20005
*Attorneys for Verizon Communications*

**VERIZON WASHINGTON, DC INC.**
**c/o CT CORPORATION SYSTEMS**
**1015 15th Street NW**
**Washington, DC 20005**
*Defendant*